IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3177-D

| | | |
|---|---|---|
| CLEMMON AUGUSTA WOODARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHERIFF DONNIE HARRISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Clemmon Augusta Woodard ("Woodard" or "plaintiff") filed this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of his constitutional rights while he was confined as a pretrial detainee at the Wake County Jail [D.E. 3]. On October 7, 2009, the court reviewed the complaint, dismissed Woodard's claim against Sheriff Harrison as one arising under a theory of respondeat superior, and permitted Woodard to amend his complaint "to identify the individual medical staff members involved, describe the injury stemming from each defendant's actions or inactions, and state the alleged facts to support his claims. " [D.E. 4] at 2–3. On April 4, 2011, the court reviewed Woodard's response, found that dismissal of the unnamed defendants was appropriate, and denied the response to the extent that it was a motion for reconsideration of Harrison's dismissal. [D.E. 6] at 2–3.

On May 5, 2011, Woodard filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit [D.E. 8]. On May 18, 2011, Woodard filed another motion for reconsideration. Mot. Recons. [D.E. 11]. On October 17, 2011, the Fourth Circuit dismissed the appeal for lack of jurisdiction [D.E. 14].

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotation omitted); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Woodard has not presented any argument warranting reconsideration, and has not cited any recent change in the controlling law, any newly discovered evidence,[1] or any clear error that merits an alteration or amendment to the judgment.

Alternatively, to the extent that Woodard seeks relief under Rule 60(b)(1) and (3) of the Federal Rules of Civil Procedure, his motion also fails. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that the motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer

---

[1] Although Woodard reprises his argument that he was too sick for "particularizing or taking names," Mot. Recons. 2, Woodard is not an incarcerated person and has the ability to attempt to discover the names of the medical staff who treated him. However, Woodard apparently has not made any such attempt, despite having more than ample time to do so. The court also finds it odd that Woodard was not too sick to know the names of four "officers who took the time to consult with [him], showing their concern in reference to [his] medical situation," id. at 3 (identifying four officers), but not the names of any medical personnel who provided him with allegedly inadequate treatment.

2

unfair prejudice by having the judgment set aside. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266. Woodard has failed to establish a meritorious claim or defense. Accordingly, Woodard fails to meet Rule 60(b)'s threshold requirements.

In sum, the court DENIES Woodard's motion for reconsideration [D.E. 11].

SO ORDERED. This 31 day of October 2011.

JAMES C. DEVER III
Chief United States District Judge